UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TIMOTHY MARCUS MAYBERRY,

    Plaintiff,

          v.                          CAUSE NO. 3:21-CV-506-JD-MGG

THOMAS KELLER,

    Defendant.

## OPINION AND ORDER

Timothy Marcus Mayberry, a prisoner without a lawyer, filed a complaint against the attorney appointed to represent him on the appeal of his state criminal conviction. He alleges that the attorney committed malpractice in his representation and seeks monetary damages in excess of $1,000,000. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.

Mayberry wisely brings this state law claim under diversity jurisdiction. It would be pointless to allege federal question jurisdiction based on 42 U.S.C. § 1983 because a criminal defense attorney, even an appointed one, does not act under color of state law and therefore cannot be sued under § 1983. *See Polk County v. Dodson*, 454 U.S. 312

(1981). However, the complaint does not plausibly allege diversity jurisdiction, and the court has an independent duty to ensure that subject matter jurisdiction exists in every case. *See Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021) ("[F]ederal courts, as courts of limited jurisdiction, must make their own inquiry to ensure that all statutory requirements are met before exercising jurisdiction."). "In order to support diversity jurisdiction under 28 U.S.C. § 1332, two basic requirements must be satisfied: (1) complete diversity of citizenship between the plaintiffs and the defendants and (2) the proper amount in controversy (more than $75,000)." *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 881 (7th Cir. 2001). Mayberry alleges that the defendant is a citizen of Indiana and he is a citizen of Illinois. However, his allegation of Illinois citizenship is implausible without further explanation.

For individuals, "state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993) (per curium). Generally, domicile requires physical presence in a state with the intent to remain there. *See Denlinger v. Brennan,* 87 F.3d 214, 216 (7th Cir. 1996). Mayberry is a few years into a 75-year sentence in the Indiana Department of Correction. *See State v. Mayberry*, No. 71D03-1810-MR-000006 (St. Joseph Circuit Court filed Oct. 3, 2018), docket sheet available at mycase.in.gov. Although his presence in an Indiana state prison is not determinative of his domicile, *see Singletary v. Cont'l Ill. Nat'l Bank and Tr. Co. of Chi*, 9 F.3d 1236, 1238 (7th Cir. 1993), it is reasonable to infer that people who commit crimes in Indiana likely lived in the state. "[S]ince domicile is a voluntary status, a forcible change in a person's state of residence does not alter his domicile; hence the domicile of the prisoner before he was imprisoned

2

is presumed to remain his domicile while he is in prison." *Sullivan v. Freeman*, 944 F.2d 334, 337 (7th Cir. 1991). Moreover, if Mayberry was a citizen of Indiana upon his incarceration, he cannot change his citizenship by simply alleging that he intends to move to Illinois upon the completion of his sentence. *See Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996). The complaint does not allege facts about the basis for Mayberry's asserted Illinois citizenship and therefore is insufficient to establish diversity of citizenship for purposes of jurisdiction.

This complaint does not adequately allege subject matter jurisdiction. Nevertheless, Mayberry may file an amended complaint if he believes he can allege facts to support diversity jurisdiction because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018).

Finally, Mayberry's motion to amend complaint (ECF 5) and motion to correct chirographical error (ECF 6) are denied. The motion to amend complaint takes issue with the cause of action, nature of suit, and basis for jurisdiction identified on the docket sheet. The court's case processing identifiers do not affect the disposition of Mayberry's lawsuit. In the motion to correct a chirographical error, Mayberry identifies an inadvertent error in his complaint, where he wrote "but not for" instead of "but for" in a passage on page three. He attaches a revised page three and asks the court to substitute that page into his complaint. He may not amend his complaint in a piecemeal

fashion. *See* N.D. Ind. L.R. 15-1. But regardless, his motion is moot because he may make the change in his amended complaint.

For these reasons, the court:

(1) DENIES the motions (ECF 5, 6);

(2) GRANTS Timothy Marcus Mayberry until **October 21, 2021**, to file an amended complaint; and

(3) CAUTIONS Timothy Marcus Mayberry if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the allegations of jurisdiction are frivolous.

SO ORDERED on September 16, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT