UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TIMOTHY MARCUS MAYBERRY,

    Plaintiff,

    v.     CAUSE NO. 3:21-CV-506-JD-MGG

THOMAS KELLER,

    Defendant.

OPINION AND ORDER

Timothy Marcus Mayberry, a prisoner without a lawyer, filed a complaint against his criminal appellate attorney, alleging a state-law malpractice claim brought under this court's diversity jurisdiction, 28 U.S.C. § 1331. ECF 1. The court found the allegations of citizenship were insufficient to plausibly allege subject matter jurisdiction, and allowed Mayberry to file an amended complaint, explaining why he claims to be a citizen of Illinois even though he is imprisoned in Indiana. ECF 11. Mayberry submitted an amended complaint with documentation that facially establishes his Illinois citizenship. ECF 13. Therefore, the complaint is ready to be screened. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mayberry is serving a 75-year sentence for a murder conviction following a jury trial.[1] The conviction was affirmed on appeal, *see Mayberry v. State*, 161 N.E.3d 1256 (Table) (Ind. Ct. App. Nov. 24, 2020), and the Indiana Supreme Court denied transfer, *Mayberry v. Indiana*, 167 N.E.3d 1158 (Table) (Ind. Apr. 20, 2021). Mayberry has a postconviction petition pending in state court. *See Mayberry v. State*, No. 71D03-2105-PC-000008 (St. Joseph Super. Ct. filed May 6, 2021), available at https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6IlUwdnpxdWR0U25JMHo1c0ZyVGFReUVqaVBSaU9pcTd4dzdvX2dZMFh2U0ExIn19 (last visited Oct. 15, 2021).

In this case, Mayberry alleges the attorney who was appointed by the court to represent him on appeal committed malpractice. The attorney raised one issue on appeal: whether the trial court "abused its discretion when it admitted into evidence testimony about test results which had been performed shortly before trial." *Mayberry*, 161 N.E.3d at *3. The appellate court concluded that "Mayberry has waived appellate review of his argument because he makes no cogent argument and provides no caselaw to support his argument regarding the admission of evidence." *Id.* The appellate court,

---

[1] The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018). This information is found in the Chronological Case Summary of Mayberry's criminal case. *Indiana v. Mayberry*, No. 71D03-1810-MR-000006 (St. Joseph Super. Ct. sentenced Jan. 10, 2020), available at https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6IjF6RzZDdjZ2Mk5CQXc5TE5OSU53Y2xxeWJ1YS1EanFXcnE2Q3dyYmR1QnMxIn19 (last visited Oct. 15, 2021).

2

however, did not hold him to his waiver, analyzed the issue, and concluded Mayberry had not met his burden to show the trial court abused its discretion. *Id.* at *4. Mayberry contends the failure to present a cogent argument constitutes malpractice.

Under Indiana law, the elements of a legal malpractice claim are "(1) employment of the attorney (the duty); (2) failure of the attorney to exercise ordinary skill and knowledge (the breach); (3) proximate cause (causation); and (4) loss to the plaintiff (damages)." *Beal v. Blinn*, 9 N.E.3d 694, 700 (Ind. Ct. App. 2014). "To establish causation and the extent of harm in a legal malpractice case, the client must show that the outcome of the underlying litigation would have been more favorable but for the attorney's negligence." *Id.* A plaintiff need not exhaust post-conviction remedies or be exonerated before bringing suit. *See Godby v. Whitehead*, 837 N.E.2d 146, 150 (Ind. Ct. App. 2005). However, malpractice actions are often stayed while postconviction remedies are pending because of the preclusive effect that such proceedings may have. *See Silvers v. Brodeur*, 682 N.E.2d 811, 818 n.4 (Ind. Ct. App. 1997).

Mayberry's malpractice suit cannot proceed against his appointed appellate attorney. The Indiana Tort Claims Act applies to claims of legal malpractice against attorneys appointed by the court to represent a criminal defendant. *See* IND. CODE § 34-6-2-38 (including in the definition of public employee "attorneys at law whether employed by the governmental entity as employees or independent contractors"); *Wright v. Elston*, 701 N.E.2d 1227, 1233-34 (Ind. Ct. App. 1998); *see also Adams v. Traylor-Wolff*, No. 2:11 CV 365, 2013 WL 2399271, at *3-*4 (N.D. Ind. May 31, 2013). A tort claim falling under the act is barred unless notice is filed with the governing body of the

3

political subdivision responsible for the attorney and its risk management commission within 180 days of the loss. IND. CODE § 34-13-3-8; *VanValkenburg v. Warner*, 602 N.E.2d 1046, 1048 (Ind. Ct. App. 1992); *see also Myers v. Maxson*, 51 N.E.3d 1267, 1278-79 (Ind. Ct. App. 2016) (applying Indiana Tort Claims Act notice requirement to claim against public defender). Mayberry would have known about the alleged malpractice as of November 24, 2020, when the appellate decision affirming his conviction was filed. There is no indication in the complaint that he complied with the Indiana Tort Claims Act notice requirements within 180 days of that decision.

Even if Mayberry did timely file notice, this case still cannot proceed against his attorney. The act shields the attorney from liability as long as the claim arises from acts performed within the scope of employment, which certainly includes researching and filing an appellate brief. IND. CODE § 34–13–3–3; *see also Ball v. City of Indianapolis*, 760 F.3d 636, 645 (7th Cir. 2014) ("Under the Indiana Tort Claims Act, there is no remedy against the individual employee so long as he was acting within the scope of his employment."). Therefore, the complaint does not state a claim against his attorney because the attorney is immune from personal liability.

This complaint does not state a claim for which relief can be granted against this defendant. Nevertheless, Mayberry may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended

4

complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court. Mayberry is cautioned that he cannot ultimately prevail in this lawsuit if he did not timely file the notice required under the Indiana Tort Claims Act.

For these reasons, the court:

(1) GRANTS Timothy Marcus Mayberry until **November 15, 2021**, to file an amended complaint; and

(2) CAUTIONS Timothy Marcus Mayberry if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on October 22, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT