UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIMOTHY MARCUS MAYBERRY, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-506-JD-MGG |
| THOMAS KELLER, et al., | |
| Defendants. | |

OPINION AND ORDER

Timothy Marcus Mayberry, a prisoner without a lawyer, filed this case for legal malpractice against his appellate criminal attorney based on diversity jurisdiction, 28 U.S.C. § 1332. ECF 1. He alleged that he was a citizen of Illinois, his appellate attorney was a citizen of Indiana, and he was seeking more than $1,000,000 in damages. The court questioned his assertion of Illinois citizenship, given that he committed a crime in Indiana that led to his incarceration here, and allowed him to amend his complaint to further support his allegations of diversity jurisdiction. ECF 11 at 2-3. Mayberry submitted an amended complaint with exhibits to support his claim of Illinois citizenship. ECF 13. The court concluded that the allegations of his Illinois citizenship were facially valid. ECF 15. But now, it is apparent that as a matter of law, Mayberry cannot meet the amount in controversy required for diversity jurisdiction and therefore this case must be dismissed.

"[F]ederal courts are always obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." *Tylka v. Gerber Products Co.*, 211 F.3d

445, 447 (7th Cir. 2000) (quotation marks omitted). Diversity jurisdiction requires the plaintiff to be a citizen of a different state than the defendants and the amount in controversy to exceed $75,000. 28 U.S.C. § 1332. Federal courts generally accept the allegations of damages in a plaintiff's complaint "unless it appears 'to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Smith v. American General Life and Acc. Ins. Co., Inc.*, 337 F.3d 888, 892 (7th Cir. 2003) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

In this case, Mayberry sues the attorney appointed to represent him on appeal from his state conviction for murder. ECF 32. Mayberry alleges in his amended complaint that as a result of the attorney's alleged negligence, he "lost ownership, personal assets, and property valued at approximately seventy-five thousand one ($75,001.00) dollars, and my Constitutionally secured rights, which have no set monetary value." ECF 32 at 24. He asks for "actual damages" of $75,001.00 and "compensatory damages" of $1,075,001.00. *Id.* at 25.

Indiana law allows a criminal defendant to sue his defense attorney for legal malpractice without the conviction first being overturned. *See Godby v. Whitehead*, 837 N.E.2d 146, 150 (Ind. Ct. App. 2000). But the damages Mayberry may recover if successful are still limited by *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state

tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." The Seventh Circuit extended *Heck*'s holding to this very situation in *Banks v. Preston Humphrey, LLC*, 609 F. App'x 351, 353 (7th Cir. 2015), in which a prisoner sued his court-appointed criminal attorney for state-law claims of breach of fiduciary duty, constructive fraud, and fraudulent misrepresentation and concealment. The Seventh Circuit held the incarcerated defendant could not recover damages for wrongful incarceration while the conviction was still intact:

> As a matter of law Banks may not recover any damages in this suit for a wrongful conviction. Because Banks did not pay Kale to represent him, the only plausible damages to Banks from Kale's allegedly compromised advice to plead guilty would be for the time that Banks has been wrongly incarcerated. But his conviction is intact. Therefore, *Heck v. Humphrey*, 512 U.S. 477 (1994), eliminates the possibility of damages for a wrongful conviction because prevailing on that claim would necessarily imply the invalidity of an intact conviction.

*Id.* at 353 (internal citations omitted); *see also Scruggs v. Allen County*, 829 N.E.2d 1049, 1051 (Ind. Ct. App. 2005) (applying *Heck* to bar damages in state-law claim of false imprisonment for allegedly unlawful conviction because the conviction was still intact). Similarly, Mayberry's appellate attorney was appointed by the state and so he cannot recover any fees paid to the attorney. And although Indiana law allows him to sue for legal malpractice while his conviction is still intact, if he prevails, he is still barred from obtaining damages for a wrongful conviction under *Heck*.

Moreover, Mayberry cannot use punitive damages to reach the jurisdictional amount. Mayberry's attorney was appointed and paid for by the county, which means a claim against the attorney falls under the Indiana Tort Claims Act. *See Wright v. Elston*, 701 N.E.2d 1227, 1233-34 (Ind. Ct. App. 1998); *see also Adams v. Traylor-Wolff*, No. 2:11

3

CV 365, 2013 WL 2399271, at *3-*4 (N.D. Ind. May 31, 2013). The Tort Claims Act explicitly prohibits punitive damages in actions against an employee of a governmental entity (which includes an attorney employed as an independent contractor, Ind. Code § 34-6-2-38(b)) acting within the scope of employment. Ind. Code § 34-13-3-4(b). Therefore, punitive damages are not available here.

    For these reasons, the court DISMISSES this case WITHOUT PREJUDICE for lack of subject matter jurisdiction.

    SO ORDERED on April 28, 2022

                                    /s/JON E. DEGUILIO  
                                  CHIEF JUDGE  
                                  UNITED STATES DISTRICT COURT